# In the United States Court of Federal Claims

No. 19-1093C
(Filed: October 15, 2019)

| | | |
|---|---|---|
| JEROME TODD, | ) | Pro Se Prisoner; Failure to Prosecute; |
| | ) | RCFC 41 |
| *Pro Se* Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

On September 6, 2019, the court issued an order (Docket No. 7, attached) directing plaintiff to pay the filing fee by October 7, 2019 and explaining that failure to do so would result in the dismissal of his case for failure to prosecute under Rule 41(b) of the Rules of the United States Court of Federal Claims ("RCFC").

On September 23, 2019, plaintiff filed a response (Docket No. 10) to the court's September 6, 2019 order requesting that the court permit him to prosecute his action *in forma pauperis*. As explained in the court's September 6, 2019 order, however, plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g) (the "three-strikes bar").

Plaintiff's September 23, 2019 response provides no reason why the three-strikes bar should not apply to him or why he should otherwise be permitted to proceed *in forma pauperis*. A review of court records indicates that plaintiff has not paid the filing fee as required by this court. Accordingly, the above-captioned case is **DISMISSED** without prejudice for failure to prosecute under RCFC 41(b). Plaintiff's August 12, 2019 motion for referral to alternative dispute resolution (Docket No. 15) is **DISMISSED** as moot.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Senior Judge

# In the United States Court of Federal Claims

No. 19-1093C
(Filed: September 6, 2019)

| | |
|---|---|
| JEROME TODD, ) | |
| ) | Pro Se Prisoner; Three-Strikes Rule; |
| Pro Se Plaintiff, ) | 28 U.S.C. § 1915(g) |
| ) | |
| v. ) | |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## ORDER DIRECTING PAYMENT OF FILING FEE

On July 29, 2019, *pro se* plaintiff, Jerome E. Todd—who is currently incarcerated in South Carolina—filed a complaint in this court alleging breach of contract or in the alternative, an unlawful taking under the 5th Amendment of the United States Constitution arising from a criminal case filed in the Western District of Washington. Compl. at 9-10; Compl. Ex. 1 at K. Plaintiff seeks $4 billion in damages.

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner is barred from proceeding in forma pauperis if three or more prior actions or appeals brought by the prisoner have been dismissed as frivolous or malicious for failure to state a claim:

> In no event shall a prisoner bring a civil action or appeal judgment in a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (the "three-strikes rule").

7018 1830 0001 4963 6830

The court notes that three or more actions or appeals filed by Mr. Todd have been dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g., Todd v. English*, No.5:14cv56/WS/GRJ, Order (N.D. Fla. Apr. 22, 2014) (dismissing civil rights complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)); *Todd v. Mukasey*, No. 2:14cv1873-JCC, Order (W.D. Wash. Jan. 6, 2015) (dismissing civil rights complaint for failure to state a claim); *Todd v. House of Representatives*, No.1:15cv1278-UNA, Memorandum Opinion and Order (D.D.C. Aug. 10, 2015) (dismissing civil rights complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915A). Additionally, Mr. Todd has not alleged that he is in imminent danger of serious physical injury.

Pursuant to 28 U.S.C. § 1915(g), because Mr. Todd has previously filed at least three complaints that were dismissed as frivolous, malicious, or for failure to state a claim, and because Mr. Todd's instant complaint fails to allege that he is under imminent threat of serious physical injury, plaintiff must pay the $400 filing fee to proceed with this action.

Accordingly, the court **ORDERS** Mr. Todd to pay the $400 filing fee within thirty (30) days of entry of this order or plaintiff's complaint will be dismissed for failure to prosecute. Accordingly, if Mr. Todd wishes to pursue his claims in this court, he must pay the court's filing fee by **Monday, October 7, 2019**. *See* Rule 41, Rules of the United States Court of Federal Claims.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Senior Judge

2